### *Rights and Responsibilities of Chapter 13 Debtors and their Attorneys*

It is important for those who file a bankruptcy under Chapter 13 to understand their responsibilities, as well as those of their attorney. As such, this document sets forth the services required to be performed by your attorney, as well as those responsibilities that are required and/or expected of you. In order to maintain a high standard of quality for the Debtors' counsel practicing in this district, the following requirements are mandatory for the Debtors' counsel in a Chapter 13 bankruptcy. These requirements are in addition to any others required by law, rule or order. Should a conflict arise between these rights and responsibilities and any law, rule or order, the law, rule or order shall supersede the conflict. Notwithstanding the foregoing, no provision, statement and/or clause contained herein shall be deemed as a limitation on the Debtors' counsel's responsibilities and/or obligations as set forth in the Bankruptcy Code.

***Before the bankruptcy petition is filed, the attorney will provide the following legal services:***

1) The Debtor shall meet with an attorney for a reasonable period of time prior to the filing of the bankruptcy petition to review facts and to receive advice concerning the Debtor's bankruptcy and non-bankruptcy options and shall be present at the signing of the final documents.

2) Unless an emergency filing is necessitated by exigent circumstances, the Debtor's counsel <u>must collect the following documents from the Debtor prior to filing</u>, or document the inability to collect the same, subject to subparagraph (o) below:

> a) Copies of all bank account statements (or similar documentation) from at least 60 days prior to the date of the filing of the bankruptcy petition (savings, checking, CD's etc.).
>
> b) Federal income tax returns, transcripts, or a completed affidavit declaring that the Debtor was not required to file tax returns for the tax year prior to the filing of the bankruptcy petition.
>
> c) Federal income tax returns, transcripts, or a completed affidavit declaring that the Debtor was not required to file tax returns for the second through fourth years prior to the filing of the bankruptcy petition.
>
> d) A copy of all payment advices or other evidence of payment the Debtor received within 60 days before the date of the filing of the petition from any employer of the Debtor, or an affidavit that no income was earned.
>
> e) A copy of all payment advices or other evidence of payment the Debtor received within the six calendar months prior to filing the petition sufficient to calculate the Debtor's current monthly income pursuant to § 101(10A).
>
> f) If the Debtor is self-employed, a profit and loss statement for the six months before the filing of the petition.
>
> g) Copies of all billing statements for the Debtor's credit cards, medical bills, student loans, personal/payday loans, car loans, mortgages and other secured debts. Also, any utility bills on which the Debtor is *not* current. If the Debtor does not have a bill for a debt, the Debtor must provide a written statement of the (i) creditor's name, (ii) billing address, (iii) account number and (iv) amount owed.
>
> h) A copy of any domestic support order that the Debtor has been ordered to pay.
>
> i) Copies of final and signed divorce decrees and marital settlement agreements entered into in the two years prior to filing the bankruptcy petition.
>
> j) Copies of any and all documentation concerning lawsuits or administrative proceedings the Debtor has been involved in within the last two years, regardless of the status or outcome of the suit.

k) If applicable, a statement from the county showing the current status of the Debtor's real estate/mobile home taxes. If the taxes have been purchased, the Debtor should provide a copy of the redemption certificate.

l) Copies of the most recent non-term life insurance statements in which the Debtor has an interest.

m) Copies of current statements regarding any non-retirement investments in which the Debtor has an interest.

n) Verification/information of the balance of any and all 401(k) loans.

o) If any of these documents are not available or present in the Debtor's counsel's file, then the Debtor and the Debtor's counsel should execute an affidavit stating that they both made reasonable efforts to obtain the documentation and were unable to comply. The affidavit must also list the documents not obtained.

3) The Debtor's counsel must complete an intake document which is reasonably detailed to ensure that the Debtor is asked the appropriate questions and given appropriate advice. There is no form intake document approved by the Court at present.

4) The Debtor's counsel must ensure that the Debtor has completed the required pre-petition credit counseling requirements or determine if the Debtor meets the standard for one of the exceptions to such requirements.

5) The Debtor's counsel must review the petition, schedules, supplemental local forms, Chapter 13 Plan and mailing matrix prior to the filing of said documents.

6) The Debtor's counsel must meet with the Debtor when they sign the final paperwork to be filed in their case.

7) The Debtor's counsel must review and sign all motions filed in the Debtor's case.

8) The Debtor's counsel shall timely provide the Debtor with a written executed contract that conforms to the requirements in the Bankruptcy Code and Rules.

***After the bankruptcy petition is filed, the attorney will provide the following legal services:***

1) Upon information received from the Debtor, take steps necessary to avoid the termination of, or to allow the reinstatement of, the Debtor's necessary utility services by providing faxed proof of filing of the petition to utility service creditors.

2) Take steps necessary to obtain the return of repossessed vehicles, which are necessary to the estate, including, but not limited to, the filing of Complaints to Compel Turnover.

3) In the event of pending state or federal court litigation, notify creditor's attorneys and the appropriate court in which the litigation is pending that the bankruptcy case has been filed.

4) Send out an information letter to the Debtor reminding the Debtor to attend the § 341 meeting, specifying the time and location of that meeting, and advising the Debtor as to the procedures of the § 341 meeting.

5) Appear at the § 341 meeting of creditors with the Debtor, confer with the Debtor to prepare him or her for the § 341 meeting, and advise the client to cure any arrears on Plan payments. Counsel will appear at all meetings dressed in professional attire.

6) Upon information received from the Debtor, take steps necessary to terminate pending wage garnishments, including filing a Motion to Terminate Garnishment.

7) Attend all court hearings relating to the Debtor's case, excluding adversary proceedings in which counsel is not retained.

8) Prepare and conduct all court mandated pre-trial conferences, reports, briefs, etc.

9) Address objections to Plan confirmation and, where necessary, prepare an Amended Plan.

10) Prepare, file, and serve necessary modifications to the Plan, which may include suspending, lowering, or increasing Plan payments.

11) Prepare, file, and serve necessary amended statements and schedules, in accordance with information submitted by the Debtor, provided the Debtor pays the Court's filing fee, unless the amendment or omission was due to the fault of Debtor's counsel.

12) Prepare, file, and serve necessary motions to buy, sell, or refinance real property when appropriate.

13) Review all proofs of claims filed and, if appropriate and in the Debtor's best interest, object to improper or invalid claims.

14) Timely file proofs of claims for creditors who fail to file claims if it is in the Debtor's best interest to file such a claim.

15) Represent the Debtor in motions for relief from stay and file an objection to such motions, if appropriate.

16) Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.

17) Upon information received from the Debtor, contact creditors who continue to communicate with the Debtor after filing, by phone or in writing, and, if necessary and appropriate, file motions for sanctions, prepare testimony and exhibits, and appear for hearing.

18) If necessary, contact tax authorities or other third-parties to gather information necessary for the case. However, such contact shall not include the obtaining of the names, addresses, account numbers and other information necessary for the inclusion and filing of creditors on any schedule of the petition, as it is the duty of the Debtor to provide such information to counsel for the preparation of accurate bankruptcy schedules.

19) These rights and responsibilities do not include a requirement to represent the Debtor in an adversarial proceeding and the Debtor's attorney may require additional fees which must be approved by the Court.

20) Communicate with the Debtor – either by phone or by being available for office appointments – to discuss pending issues or matters in the present case.

21) Provide such other legal services as, in the attorney's sound judgment, are necessary for the prompt administration of the case before the Bankruptcy Court. Nothing contained herein shall be construed to bind the attorney to perform work that has no basis in law or fact or constitutes extraordinary proceedings within the context of a normal chapter 13 proceeding, such as adversary proceedings or other work that exceeds the scope of the attorney-client contract.

The requirements for payment of attorney's fees in Chapter 13 cases for the Southern District of Illinois provide for a flat-rate attorney fee of $4,500.00 for a non-business related Chapter 13 bankruptcy and $5,000.00 for a business bankruptcy as defined in § 1304, or for payment based on regular billing. Fees shall be paid through the Plan as provided for by the Confirmation Order. The attorney may receive part of the allowed fees prior to the filing of the case for the actual services performed prior to filing, provided said fees are deducted from the total allowed fees as paid through the confirmed Plan. The attorney may move to withdraw or the client may discharge the attorney at any time. The attorney agrees to perform substantially all duties designated above. If the attorney does not substantially perform all of the above duties inclusive, then, upon filing of a motion and after a hearing before the Court, the Court may order the attorney to disgorge all or any

part of the fees received, as the Court, in its discretion, deems appropriate. If the case is not confirmed, then the attorney is allowed only those sums as set forth in the Chapter 13 Procedures Manual.

***In addition to those duties and responsibilities set forth in 11 U.S.C. § 521, the DEBTOR(S) shall:***

1) Keep their attorney informed of their current mailing address and contact information (including home, work and cell phone numbers). If the Debtor is proceeding *pro se*, the Debtor shall file a Notice of Change of Address with the Court.

2) Timely make all payments as called for by their Plan, whether through a wage deduction or directly, as set forth in the Plan.

3) Immediately notify their attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the bankruptcy case.

4) Notify their attorney upon the loss of employment or other financial problems that may arise.

5) Notify their attorney if they are sued or contacted by a creditor (or a creditor's agent) after the bankruptcy case has been filed.

6) Contact their attorney before buying, refinancing or selling any real property or before entering into any long-term loan agreements to determine what steps must be taken to obtain the required approval for same.

7) Cooperate with their attorney in the preparation of all documents and attend all hearings, if required. This obligation includes timely responding to all letters and phone calls left by your attorney.

8) Comply with all other additional contractual obligations and terms with your attorney as specifically set forth in your attorney-client contract.

Dated:  5/10/23

Attorney for Debtor: Michael J. Benson */s/Michael J. Benson*

Dated:  5/10/23

Debtor:  Kionna K. Fox */s/ Kionna K. Fox*